IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| CAROLEANNE HENSLEY and JOHN GREISIGER | CIVIL ACTION |
|---|---|
| v. | NO. 19-2837 |
| CNA | |

**MEMORANDUM RE: MOTION TO REMAND**

**Baylson, J.**                                                                                            **October 10, 2019**

## I.   INTRODUCTION AND BACKGROUND

In this action, Caroleanne Hensley and John R. Greisiger ("Plaintiffs") claim that CNA ("Defendant") is liable for attorneys' fees and costs under the professional liability insurance policy (the "Policy") that it issued to Fox & Roach (the "insured"). (ECF 1, Notice of Removal, Ex. 3.) Plaintiffs' claims arise out of a separate litigation that is currently pending in the Court of Common Pleas of Bucks County between Plaintiffs, the insured, and various defendants concerning liability under an agency contract (the "State Court Litigation").[1] Plaintiffs originally filed this action against Defendant seeking attorneys' fees in the Court of Common Pleas of Bucks County, and Defendant filed a Notice of Removal with this Court (the "CNA Litigation").[2]

Currently pending is Plaintiffs' Motion to Remand the CNA Litigation to the Court of Common Pleas of Bucks County pursuant to 28 U.S.C. 1447(c). The issue is whether Plaintiffs' claims constitute a direct action within the meaning of 28 U.S.C. § 1332(c)(1), thereby destroying

---

[1] The state court docket number for the State Court Litigation is 2010-10374. The docket in the State Court Litigation indicates that Plaintiffs moved for leave to amend their complaint to add CNA as a defendant on May 9, 2019. There is no indication that the state court granted this motion.

[2] The state court docket number for the CNA Litigation is 2019-02767. Defendants note that Plaintiffs incorrectly refer to Continental Casualty Company as CNA, and that CNA is not a legal entity, but rather, a registered service mark. (ECF 1, Notice of Removal ¶ 5.)

1

complete diversity between the parties and requiring remand. For the reasons discussed below, Plaintiffs' Motion to Remand is denied.

## II. PROCEDURAL HISTORY

The following procedural history recites the events in the CNA Litigation—the action that was the subject of Defendant's Notice of Removal and is the subject of Plaintiffs' Motion to Remand.

On April 15, 2019, Plaintiffs filed a Praecipe for Summons in the Court of Common Pleas of Bucks County. (Notice of Removal, Ex. 1.)[3] On May 24, 2019, Defendant filed a Praecipe and Rule to File, requiring Plaintiffs to file a complaint. (Notice of Removal, Ex. 2.) Plaintiffs timely filed their complaint on June 13, 2019. (Notice of Removal, Ex. 3.) Thereafter, on June 27, 2019, Defendant filed a Notice of Removal, alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332. (ECF 1.) Plaintiffs timely filed a Motion to Remand on July 24, 2019. (ECF 6.) Defendant filed a response in opposition to Plaintiffs' Motion on August 6, 2019. (ECF 7.)

## III. LEGAL STANDARD

Subject to limited exceptions, a plaintiff is entitled to choose between filing her suit in either federal or state court, as federal and state courts generally enjoy concurrent jurisdiction. See Claflin v. Houseman, 930 U.S. 130, 136 (1876) ("[I]f exclusive [federal court] jurisdiction [is] neither express nor implied, the State courts have concurrent jurisdiction."). However, a defendant

---

[3] As multiple exhibits attached to the Notice of Removal bear the same exhibit number, the Court will refer to the exhibits as follows: Ex. 1, currently marked Exhibit 1, is the Praecipe for Summons in the CNA Litigation (pp. 5-7 of the PDF file for the Notice of Removal); Ex. 2, currently marked Exhibit 2, is the Praecipe and Rule to File in the CNA Litigation (p. 9 of the PDF file for the Notice of Removal); Ex. 3, currently marked Exhibit 3, is the state court Complaint in the CNA Litigation (pp. 11-22 of the PDF file for the Notice of Removal); Ex. 4, currently marked Exhibit 4, is a copy of Plaintiffs' Amended Motion for Attorney Fees and Costs in the State Court Litigation (pp. 24-38 of the PDF file for the Notice of Removal); Ex. 5, currently marked Exhibit 2, is a log of attorney time and an accounting of costs submitted in the State Court Litigation (pp. 40-59 of the PDF file for the Notice of Removal); Ex. 6, currently marked Exhibit 5, is an email communication between Adam M. Smith and Richard Gerace (p. 61 of the PDF file for the Notice of Removal); and Ex. 7, currently marked Exhibit 4, is the state court docket in the CNA Litigation (p. 63 of the PDF file for the Notice of Removal).

may, at its option, remove an action originally filed in state court to federal court if the federal court would have had original jurisdiction over the litigation. 28 U.S.C. § 1441(a). There are two types of subject matter jurisdiction that may confer original jurisdiction: jurisdiction based on diversity of citizenship; and jurisdiction based on a federal question raised in the case.[4] Diversity jurisdiction exists where "the matter in controversy exceeds … $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. 1332(a)(1). Removal statutes should be "strictly construed against removal and all doubts should be resolved in favor of remand." In re Briscoe, 448 F.3d 201, 217 (3d Cir. 2006). The party who "urges jurisdiction on a federal court"—in the case of removal, the removing defendant—"bears the burden of proving that jurisdiction exists." Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).

## IV. DISCUSSION

### A. Diversity of Citizenship

For purposes of diversity, an individual is a citizen of the state where she is domiciled. GBForefront, L.P. v. Forefront Mgmt. Grp., LLC, 888 F.3d 29, 34 (3d Cir. 2018). A corporation maintains citizenship in (a) all states where it has been incorporated and (b) the one state where it has its principal place of business. Id. The Supreme Court has defined principal place of business as the place where the corporation has its "nerve center;" that is, where the "corporation's officers direct, control, and coordinate the corporation's activities." Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010).

A caveat to the general rule on corporate citizenship applies if the complaint is a "direct action" within the scope of 28 U.S.C. § 1332(c)(1). If a complaint involves a "direct action against

---

[4] Neither the Complaint nor the Notice of Removal suggest that federal question jurisdiction provides a basis for original jurisdiction, and thus, removal. Therefore, the Court need not detail the rules governing federal question jurisdiction or address this basis for removal in its analysis.

3

the insurer of a policy or contract of liability insurance … to which action the insured is not joined as a party-defendant," then the insurer is deemed a citizen of "every State and foreign state of which the insured is a citizen." Id. § 1332(c)(1)(A) (emphasis added). Said differently, § 1332(c)(1) provides that if a third-party plaintiff pursues a direct action against the insurer of his tortfeasor, then the insurer is considered a citizen of the state of the insured for diversity purposes.

Since § 1332 does not provide a definition for "direct action," the legislative history of the direct action amendment is especially helpful in illuminating the narrow situation that Congress intended this proviso to apply to. The Supreme Court explained that Congress enacted § 1332(c) "in 1964 in response to a sharp increase in the caseload of [f]ederal [d]istrict [c]ourts in Louisiana resulting largely from that State's adoption of a direct action statute [which] permitted an injured party to sue the tortfeasor's insurer directly without joining the tortfeasor as a defendant." Northbrook Nat'l Ins. Co. v. Boyer, 493 U.S. 6, 9-10 (1989). With the amendment, Congress intended to "eliminate under the diversity jurisdiction of the U.S. district courts, suits on certain tort claims in which both parties are local residents, but which, under a State 'direct action' statute, may be brought directly against a foreign insurance carrier without joining the local tortfeasor as a defendant." Id. at 9 (internal quotations omitted); see also Myers v. State Farm Ins. Co., 842 F.2d 705, 707 n.3 (3d Cir. 1988) (noting that "Congress enacted [§ 1332(c)] specifically to eliminate from diversity jurisdiction tort claims in which both parties are local residents, but, which under a state direct action statute, are brought against a foreign insurance company without joining the local insured as a defendant") (quoting Velez v. Crown Life Ins. Co., 599 F.2d 471, 473 (1st Cir. 1979)).

The Third Circuit has explained that an action is direct within the meaning of § 1332(c) only if "the cause of action against the insurance company is of such a nature that the liability

4

sought to be imposed could be imposed against the insured." McGlinchey v. Hartford Accident & Indem. Co., 866 F.2d 651, 653 (3d Cir. 1989). In such a case, if the insured and the plaintiff are citizens of the same state, then the federal district court will lack subject matter jurisdiction because § 1332(c)(1) will impute the insured's citizenship to the insurer.

### B. Parties' Contentions

Plaintiffs assert that remand is required because the lack of diversity of citizenship destroys the Court's subject matter jurisdiction. More specifically, Plaintiffs contend that their claims constitute a "direct action" under 28 U.S.C. § 1332(c)(1)(A), requiring imputation of the citizenship of the insured to Defendant and defeating complete diversity. In opposition, Defendant argues that Plaintiffs' complaint is "not the type of direct action contemplated by Section 1332(c)(1)." (ECF 7, Def.'s Opp. at 5.)

### C. Analysis

#### 1. Plaintiffs' Complaint Is Not a "Direct Action"

Plaintiffs' complaint is not a "direct action" for purposes of 28 U.S.C. § 1332(c), so imputation of the insured's citizenship to Defendant is unwarranted. Plaintiffs have not identified any positive authority giving them the right to bring action directly against Defendant. Indeed, as the Third Circuit noted, "[i]t is well-settled that under Pennsylvania law, an injured party has no right to directly sue the insurer of an alleged tortfeasor unless a provision of the policy or a statute create such a right." Apalucci v. Agora Syndicate, Inc., 145 F.3d 630, 632 (3d Cir. 1998). The Supreme Court of Pennsylvania has recognized that "[t]he only statute [in Pennsylvania] providing for a direct action by an injured third party against the insurer of an alleged tortfeasor, [PA. STAT. AND CONST. STAT. ANN. § 117 (West 1992)], provides for such direct action solely upon the bankruptcy or insolvency of the insured and only for an amount not exceeding the policy limits."

5

Johnson v. Beane, 541 Pa. 449, 454 n.3 (1995). Pennsylvania only permits a third-party direct action against an insurer if the requirements of PA. § 117 are satisfied,[5] but Plaintiffs have not explained how their complaint falls within the scope of this section. Therefore, Plaintiffs' action does not require imputation of the citizenship of the insured to Defendant, because it is not direct within the meaning of § 1332(c).

Moreover, Plaintiffs' state court complaint in the CNA Litigation reveals that they are seeking enforcement of the state court judgment of attorneys' fees.[6] See Notice of Removal, Ex. 3 ¶ 24 ("CNA is now responsible for and liable to Plaintiffs for payment of the fees and costs ordered by the Superior Court."). However, multiple district courts in this Circuit have held that such an action is not "direct" for purposes of diversity jurisdiction. See, e.g., Chiaravalle v. Imperium Ins. Co., No. 13-1818, 2013 WL 4012552, at *3 (D.N.J. Aug. 2, 2013) (Waldor, M.J.) ("[T]he term [direct action] does not include those cases where the plaintiff has already obtained a judgment against the insured, and is seeking an enforcement of that judgment."); Blair v. Protective Nat'l Ins. Co. of Omaha, No.96-8438, 1997 WL 288574, at *2 (E.D. Pa. May 22, 1997) (Fullam, J.) ("I feel reasonably confident that the citizenship of the insured should not be imputed to the defendant [under § 1332(c)]" where the case "involves an attempt to collect a judgment based on the liability of the insured"). Therefore, if a judgment calculating Plaintiffs' attorneys'

---

[5] The Third Circuit has noted at least six elements that must be asserted for a third-party to maintain a direct claim against an insurer under PA. § 117: "(1) the insured is insolvent; (2) an accident or other covered event has occurred; (3) the insured is liable for the accident; (4) a judgment has been entered against the insured; (5) the third party has unsuccessfully sought to execute the judgment against the insured; and (6) the insurance company is a liability insurer for the insolvent insured." Kollar v. Miller, 176 F.3d 175, 181 (3d Cir. 1999). As discussed, Plaintiffs do not explain how their complaint satisfies the requirements of PA. § 117, so they fail to establish that their action is direct under 28 U.S.C. § 1332(c).

[6] Although there was a determination in the State Court Litigation that Plaintiffs are entitled to attorneys' fees and costs, the amount has not yet been determined by the state court. Plaintiffs' state court complaint in the CNA litigation alleges that the Superior Court affirmed the trial court's conclusion that Plaintiffs' were entitled to attorneys' fees but that the Superior Court remanded for calculation. (Notice of Removal, Ex. 3 ¶ 1.)

fees is issued in the State Court Litigation, that will not convert this case into a direct action over which the Court lacks subject matter jurisdiction.

In summary, because there is no identification of any authority giving Plaintiffs the right to bring action directly against Defendant without joining the insured, 28 U.S.C. § 1332(c)'s direct action proviso does not apply and will not defeat this Court's jurisdiction. As a result, resolution of Plaintiffs' Motion turns on whether the elements of diversity jurisdiction—complete diversity of citizenship and satisfaction of amount in controversy—are met.

### 2. Complete Diversity of Citizenship Exists

Because Plaintiffs' complaint is not a direct action, the general citizenship rules apply and determine whether the complete diversity requirement is satisfied. Plaintiffs, as natural persons, are citizens of their respective states of domicile. GBForefront, 888 F.3d at 34. As both Hensley and Greisiger permanently reside in Pennsylvania, they are Pennsylvania citizens for diversity purposes. (Notice of Removal ¶ 4.) Defendant, a corporation, is a citizen of (a) the state(s) where it is incorporated and (b) the state where it has its nerve center; that is, its headquarters. GBForefront, 888 F.3d at 34. Defendant alleges that it is incorporated under the laws of the State of Illinois and maintains its principal place of business in Chicago, Illinois, making it a citizen of Illinois. (Notice of Removal ¶ 6.) Therefore, all plaintiffs are completely diverse from all defendants, because both Plaintiffs are citizens of Pennsylvania and the sole defendant maintains citizenship only in Illinois. Thus, the complete diversity of citizenship requirement is satisfied.

### 3. Amount in Controversy is Satisfied

In addition to complete diversity between the parties, federal diversity jurisdiction requires that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). In diversity cases that have been removed to federal court, ascertaining the amount in controversy "begins with a reading of

the complaint filed in the state court." Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 398 (3d Cir. 2004). The standard for evaluating whether amount in controversy is satisfied depends on whether the complaint limits the amount to less than the statutory minimum. Frederico v. Home Depot, 507 F.3d 188, 196-97 (3d Cir. 2007). If "the complaint specifically limits the amount in controversy to less than the jurisdictional minimum, [then] the proponent seeking removal … must prove to a legal certainty that the amount in controversy exceeds the statutory threshold." Dunfee v. Allstate Ins. Co., No. 08-1425, 2008 WL 2579799, at *5 (E.D. Pa. June 26, 2008) (Baylson, J). By contrast, if "the plaintiff has not expressly limited the amount in the complaint to less than the jurisdictional minimum, [then] the challenger to federal jurisdiction has the burden to prove to a legal certainty that the amount in controversy could not exceed the jurisdictional threshold." Id.

Here, Plaintiffs' state court complaint seeks attorneys' fees and costs in excess of $800,000. (Notice of Removal, Ex. 3 ¶ 12.) Because Plaintiffs have not limited the amount in controversy to the jurisdictional minimum, remand based on nonsatisfaction of the amount in controversy requirement is appropriate only if "it appears to a legal certainty that … [P]laintiff[s] cannot recover $75,000." Id. Because it has not been demonstrated to a legal certainty that Defendant's exposure under the Policy is less than $75,000, the amount in controversy requirement is satisfied.

Under the Policy, CNA agreed to pay "all amounts in excess of the deductible and within the limits of liability … that the [i]nsured becomes legally obligated to pay as damages as a result of a claim by reason of an act or omission in the rendering of professional real estate services." (ECF 3, Def. Mot. to Dismiss Ex. B at 33.)[7] The deductible under the Policy is $500,000 for each claim, and the per claim limit on Defendant's exposure is $2,000,000. (Id. at 2.) Thus, under the

---

[7] The pincite page references refer to the pagination of the ECF PDF file.

Policy the insured must pay the first $500,000 of any claim asserted against it, and Defendant must pay the remaining excess up to $2,000,000.

Plaintiffs' estimation of damages satisfies the amount in controversy requirement. The Superior Court affirmed that Plaintiffs are entitled to attorneys' fees under the agency contract and remanded for a calculation of the award. (Notice of Removal, Ex. 3 ¶ 1.) Plaintiffs have documented their costs, which total approximately $790,000. (Notice of Removal, Ex. 5.) Thus, if there is a determination in the State Court Litigation that Plaintiffs are entitled to the entirety of the claimed fees, then Defendant may be obligated to pay $290,000, far in excess of the $75,000 amount in controversy threshold. Even if the state court awards less than the $790,000 claimed, Plaintiffs have not shown—to a legal certainty—that they "cannot recover [from Defendant] the jurisdictional amount." Frederico, 507 F.3d at 197. Indeed, to satisfy this standard, Plaintiffs would need to establish that there is a legal certainty the state court will award an amount less than the insured's deductible plus the jurisdictional amount (i.e., an amount less than $575,000). Because they have not done so, the amount in controversy requirement is met, and the elements of diversity jurisdiction are satisfied.

In summary, there is complete diversity of citizenship and the amount in controversy exceeds the jurisdictional threshold; therefore, the elements of diversity jurisdiction are met. As such, the Court has original jurisdiction over this action, and Defendant properly removed under 28 U.S.C. 1441(a). Therefore, remand to the state court is not warranted.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand is denied.

O:\CIVIL 19\19-2837 Hensley v. CNA\19cv2837 Memo re Pls.' Motion to Remand.docx