# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| CAROLEANNE HENSLEY and JOHN GREISIGER<br><br>v.<br><br>CNA | CIVIL ACTION<br><br>NO. 19-2837 |
|---|---|

## MEMORANDUM RE: MOTION TO DISMISS

**Baylson, J.**                                                                                                            **January 22, 2020**

### I. Introduction

In this action, Caroleanne Hensley and John R. Greisiger ("Plaintiffs") seek satisfaction of a fee award from CNA ("Defendant").[1] Plaintiffs contend that Defendant is liable for Fox & Roach's fee obligation because Defendant insures Fox & Roach. Related litigation concerning Fox & Roach's liability under its contract with Plaintiffs is currently pending in the Court of Common Pleas of Bucks County (the "State Court Litigation"),[2] but Fox & Roach is not a party in this case.

Currently pending is Defendant's Motion to Dismiss For Failure to State a Claim. The issue is whether Plaintiffs, who have no contractual relation to Defendant, have adequately pleaded that they have standing to assert their claims. For the reasons discussed below, Defendant's Motion to Dismiss is granted.

---

[1] Defendants note that Plaintiffs incorrectly refer to Continental Casualty Company as CNA, and that CNA is not a legal entity, but rather, a registered service mark. (ECF 1, Notice of Removal ¶ 5.)

[2] The state court docket number for the State Court Litigation is 2010-10374. The docket in the State Court Litigation indicates that Plaintiffs moved for leave to amend their complaint to add CNA as a defendant on May 9, 2019, to which Fox & Roach responded on June 3, 2019. There is no indication from the docket that the state court granted this motion.

1

## II. Factual Background[3]

Three actors are involved in this dispute: Plaintiffs, Fox & Roach,[4] and Defendant. The relationships between Plaintiffs, Fox & Roach, and Defendant arise from two agreements: (A) the Agency Agreement between Plaintiffs and Fox & Roach; and (B) the insurance policy between Fox & Roach and Defendant.

### A. The Agency Agreement [Plaintiffs and Fox & Roach]

Plaintiffs and Fox & Roach executed an agreement (the "Agency Agreement") that committed Fox & Roach to making good faith efforts to locate a property for Plaintiffs. The Agency Agreement between Plaintiffs and Fox & Roach provides that, in the event of litigation, the prevailing party is entitled to "costs and reasonable attorney fees." (Compl. ¶ 1.) In the State Court Litigation, Plaintiffs sued Fox & Roach for negligence related to Fox & Roach's representation of Plaintiffs and secured an attorney's fee award of $276,520.[5] Plaintiffs seek satisfaction of that award from Defendant—Fox & Roach's insurance carrier.

### B. The Insurance Policy[6] [Fox & Roach and Defendant]

Defendant carries a professional liability insurance policy for Fox & Roach (the "Insurance Policy") that obligates Defendant to pay all amounts in excess of the $500,000 deductible for damages that result from Fox & Roach's conduct in providing real estate services. The Insurance Policy contains a "Self Insured Retention Endorsement" that provides that "[Fox & Roach] shall

---

[3] The Court takes the allegations in the Complaint as true and draws all reasonable inferences in favor of Plaintiff, as is required at the motion to dismiss stage. Phillips v. Cty of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). References to the Complaint refer to the Complaint attached as Exhibit 3 to Defendant's Notice of Removal (pp.12-17 of ECF 1.)
[4] The papers also refer to Fox & Roach as "Prudential" or "PruFox." All references to "Fox & Roach" in this Memorandum refer to the defendant in the State Court Litigation who Plaintiffs allege is liable under the Agency Agreement.
[5] The Court of Common Pleas of Bucks County granted the $276,520 attorney's fee award on December 12, 2019. (ECF 13, Plaintiff's Motion for Leave to Amend Plaintiffs' Response to Defendant's Motion to Dismiss ¶ 4–6.)
[6] The Insurance Policy is attached as Exhibit B to Defendant's Motion to Dismiss (ECF 3-4.) Because the Insurance Policy omits page numbers, pincite references correspond to the pagination of the ECF PDF file.

have the right and duty to investigate and defend any claim seeking damages covered by this policy up to the point the self-insured retention has been exhausted … Upon exhaustion of the self-insured retention, [Defendant, as insurer] will assume the right and duty to defend … [and] will investigate any claim as [they] deem appropriate and will not settle any claim without [Fox & Roach's] written consent, which shall not be unreasonably withheld." (Insurance Policy at 25.) Plaintiffs allege that Fox & Roach has exceeded the $500,000 deductible, and therefore seek to recover the state court's award of attorney's fees from Defendant—even though Plaintiffs are not parties to the Insurance Policy agreement. (Compl. ¶ 12.)

### III. Procedural History

Plaintiffs filed their original Complaint[7] in the Court of Common Pleas of Bucks County, and Defendant removed the action to this Court, contending that diversity jurisdiction existed. (ECF 1.) The Court, finding that the requirements of diversity jurisdiction were satisfied, denied Plaintiffs' Motion to Remand. (ECF 9 (Memorandum); ECF 10 (Order).)

Defendant filed the instant Motion to Dismiss on July 3, 2019. (ECF 3.) Plaintiffs responded in opposition on November 11, 2019. (ECF 11-6 (Brief in Opposition); ECF 11 (Plaintiffs' Response).) Defendant replied in support on November 14, 2019. On January 6, 2020, the Court ordered that Plaintiffs' Response to Defendant's Motion to Dismiss be deemed amended as described in Plaintiffs' Motion for Leave to Amend. (ECF 15.)

### IV. Legal Standard

In considering a motion to dismiss under Rule 12(b)(6), the Court "accept[s] all factual allegations as true [and] construe[s] the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011) (internal quotation marks and

---

[7] Plaintiffs' Complaint does not delineate specific counts or causes of action, but from their opposition, it seems that they are proceeding on a bad faith theory.

3

citations omitted). The Supreme Court has instructed that, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

The Court in Iqbal explained that, although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. 556 U.S. at 678, 684. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## V. Discussion

The dispositive issue is whether Plaintiffs have standing to maintain claims against Defendant, an entity with whom they have no contractual relation. Defendant contends that Plaintiffs fail to state a claim because they cannot recover under the Insurance Policy—a contract to which they are not a party. Plaintiffs respond that they have standing as either (A) "third party intended beneficiaries" or (B) "insureds." (ECF 11-6, Plaintiffs' Brief in Opposition (Plaintiffs' Opposition) at 12.) The Court concludes that Plaintiffs have not alleged facts to establish standing under either theory.

### A. Plaintiffs Have Not Alleged They Have Standing as Third Party Beneficiaries

Plaintiffs' primary theory of standing is that they are third party beneficiaries. (Plaintiffs' Opposition at 6.) However, the allegations in the Complaint do not satisfy the Supreme Court of Pennsylvania's test for third party beneficiary status.

4

The general rule in Pennsylvania is that "a party becomes a third party beneficiary only where both parties to the contract express an intention to benefit the third party in the contract itself." Scarpitti v. Weborg, 609 A.2d 147, 150-51 (Pa. 1992). However, there is a narrow exception that applies where "the circumstances are so compelling that recognition of the beneficiary's right is appropriate to effectuate the intention of the parties, and [either] the performance satisfies an obligation of the promisee to pay money to the beneficiary or the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance." Id.

Plaintiffs acknowledge that they do not fall within the scope of the general third party beneficiary rule because the Insurance Policy "does not explicitly express an intention to allow a third party to enforce a contractual promise." (Plaintiffs' Opposition at 7.) However, Plaintiffs contend that they are third party beneficiaries because the "unique circumstances of this case" sweep Plaintiffs into the scope of the narrow exception to the general rule. (Id.) Specifically, Plaintiffs argue that "the Superior Court order that Defendant pay Plaintiffs prevailing party fees, [Fox & Roach's] relinquishment of its duties and obligations under the [Insurance] Policy by simply making payment of the $500,000 deductible, and the resulting transfer of duties and obligations from [Fox & Roach] to [Defendant] to pay Plaintiffs' fees and costs" establish compelling circumstances. (Id.) The Court rejects Plaintiffs' contention that the facts of this case as pleaded in the Complaint are so "compelling" that Plaintiffs should be permitted to sue as third party beneficiaries.

First, contrary to Plaintiffs' representation that the Superior Court directed Defendant to make payment, the quoted portion of the Superior Court opinion reveals that it directed "Prudential Fox & Roach"—not Defendant—to pay for the attorney fees that were calculated by the trial court.

5

(Compl. ¶ 1.) The December 12, 2019 Order published by the Court of Common Pleas of Bucks County that determined Plaintiffs are entitled to $276,520 in attorney's fees confirms that Fox & Roach—<u>not</u> Defendant—was ordered to pay the fees. <u>See</u> ECF 13-1, Court of Common Pleas of Bucks County December 12, 2019 Order ¶ 7 ("The Court finds that as the prevailing party, Plaintiffs … are entitled to reimbursement from Prudential [Fox & Roach] for … attorney's fees.").

Second, the case cited by Plaintiffs, <u>McGaffic v. City of New Castle</u>, 74 A.3d 306 (Pa. Commw. Ct. 2013), is inapposite. <u>McGaffic</u> held that judgment creditors could sue as third party beneficiaries because they fit within the general rule and because the circumstances of the case—in which "private property [was] taken by government"—were "compelling." <u>Id.</u> at 317. The circumstances of this case are distinguishable from the "constitutional implications" at issue in <u>McGaffic</u>. <u>Id.</u>

In sum, Plaintiffs have not alleged facts to substantiate their position that the circumstances of this case are so "compelling" that deviation from the general rule rejecting third party beneficiary status in the absence of an express intention is justified. Indeed, in cases involving insurance contracts, courts have consistently rejected claims of third party beneficiary standing. <u>See, e.g.</u>, <u>Burks v. Fed. Ins. Co.</u>, 883 A.2d 1086, 1091 (Pa. Super. Ct. 2005) (concluding that customer who was injured at a bank could not seek payment of her medical bills from bank's insurer because "there [was] nothing in the insurance policy or the circumstances surrounding th[e] cse that would indicate that [the insurer] intended to permit a direct claim against itself"); <u>Commonwealth v. Celli-Flynn</u>, 540 A.2d 1365, 1368 (Pa. Commw. Ct. 1988) (rejecting plaintiffs' claim of third party beneficiary status because they had "not pled that they [were] named in the insurance contracts, nor ha[d] they pled facts which could lead to the inference that the insurance companies intended to benefit [plaintiffs]").

### B. Plaintiffs Have Not Alleged They Have Standing to Bring A Direct Action

To the extent Plaintiffs allege they have standing to bring a "direct action" as "insureds" or "additional insureds," that theory is rejected. As noted in the Court's Memorandum re: Plaintiffs' Motion to Remand, "[i]t is well-settled that under Pennsylvania law, an injured party has no right to directly sue the insurer of an alleged tortfeasor unless a provision of the policy or a statute create such a right." Apalucci v. Agora Syndicate, Inc., 145 F.3d 630, 632 (3d Cir. 1998). Plaintiffs have not identified a portion of the Insurance Policy that gives them a right to sue,[8] nor have they explained how the Complaint falls within the scope of Pa. Stat. and Const. Ann. § 117 (West 1992), which is "[t]he only statute [in Pennsylvania] providing for a direct action by an injured third party against the insurer of an alleged tortfeasor." Johnson v. Beane, 541 Pa. 449, 454 n.3 (1995).

In sum, the Court concludes that Plaintiffs, who do not have any contractual relation to Defendant, do not have standing to sue Defendant, either directly or as a third party beneficiary. See Spires v. Hanover Fire Ins. Co., 70 A.2d 828, 837 (Pa. 1950) ("[S]ince under the terms of the insurance contract between the lessees and the defendant company, the company assumed no obligations whatsoever in respect to the lessors, it follows that the lessors being strangers to that contract cannot base upon it any right of action against the insurance company. The lessors' only right of action is against lessees on the contract between lessors and lessees, by which contract the insurance company, being a total stranger to it, is in no way obligated.").

---

[8] Plaintiffs cite to the Self Insured Retention Endorsement, (Plaintiff's Opposition at 11), but this provision only establishes that liability transfers to Defendant once the $500,000 deductible is reached. The Self Insured Retention Endorsement does not create a right of action for Plaintiffs.

## VI. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss is granted without prejudice, with leave to file an amended complaint within fourteen days from the date of this Order. If Plaintiffs file an amended complaint, they must specify the cause(s) of action they seek to proceed on and supplement their standing allegations as discussed herein.

O:\CIVIL 19\19-2837 Hensley v. CNA\19cv2837 Memo re Defendant's Motion to Dismiss.docx